## UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA
## OMAHA DIVISION

### CASE NO:

MELANIE DONER, and
MAGGY MATA, on behalf of
themselves and all others similarly situated,

      Plaintiff(s),

      v.

J GILBERTS NE, LLC,
a Texas limited liability company,

      Defendant.

_____/

### COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiffs, MELANIE DONER ("Doner"), and MAGGY MATA ("Mata") (Doner and Mata collectively referred to hereinafter as "Plaintiffs"), on behalf of themselves, and all others similarly situated, and pursuant to 29 U.S.C. § 216(b), file this Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, J GILBERTS NE, LLC ("J. Gilbert's" or "Defendant"), for its failure to pay Servers and Bartenders federal minimum wages, as follows:

### INTRODUCTION

1.    Plaintiffs bring this collective action under the Fair Labor Standards Act ("FLSA"), on behalf of themselves and all other Restaurant Servers and Bartenders who work or have worked at J. Gilbert's Restaurant in Omaha, Nebraska, during the applicable statute of limitations. Defendant committed federal wage violations because it (1) compensated Restaurant Servers and Bartenders at a reduced sub-minimum wage for tipped employees, but failed to provide Plaintiffs and all others similarly situated with statutorily required notice of taking a tip credit; (2) required

1

Plaintiffs and all others similarly situated to perform non-tipped side duties and side work that exceeded 20% of all work performed in at least one workweek; and (3) required Plaintiffs and all others similarly situated to perform non-tipped duties and side work in excess of 30 continuous minutes in one or more shifts. As a result, Plaintiffs and all similarly situated Servers and Bartenders have been denied federal minimum wages during various workweeks within the relevant time period.

## PARTIES

2.    During all times material hereto, Plaintiff, Doner, was a resident of Omaha, Nebraska, over the age of 18 years, and otherwise *sui juris.*

3.    During all times material hereto, Plaintiff, Mata, was a resident of Omaha, Nebraska, over the age of 18 years, and otherwise *sui juris.*

4.    Plaintiff and the **FLSA putative collective members** are/were restaurant Servers and Bartenders who worked for J. Gilbert's in Omaha, Nebraska, owned and/or operated by Defendant within the last three (3) years.

5.    Plaintiff, Doner, worked for Defendant as a Server at J. Gilbert's restaurant in Omaha, Nebraska, which is owned and operated by Defendant.

6.    Plaintiff, Doner, worked for Defendant from 2021 through April 2024.

7.    Plaintiff, Doner, worked an average of 25 hours per week.

8.    Plaintiff, Mata, worked for Defendant as a Bartender at J. Gilbert's restaurant in Omaha, Nebraska, which is owned and operated by Defendant.

9.    Plaintiff, Mata, worked for Defendant from July 2022 through March 2024.

10.    Plaintiff, Mata, worked an average of 25-30 hours per week.

11.    Plaintiffs worked at the same J. Gilbert's restaurant located at 1010 Capitol Ave. in Omaha, Nebraska, 68102.

12.    The proposed Server collective members worked for Defendant in the same capacity as Plaintiff, Doner, in that they were non-exempt, tipped Servers employed by Defendant and subject to the same practices and policies enforced by Defendant at the same restaurant during the same time period.

13.    The proposed Bartender collective members worked for Defendant in the same capacity as Plaintiff, Mata, in that they were non-exempt, tipped Bartenders employed by Defendant and subject to the same practices and policies enforced by Defendant at the same restaurant during the same time period.

14.    Plaintiff seeks certification of two (2) separate collectives under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

> **J. Gilbert's Omaha Server Collective: All Servers who worked for Defendant at its Omaha, Nebraska, location during the previous three (3) years who were paid a direct cash wage of less than federal minimum wage.**
>
> **J. Gilbert's Omaha Bartender Collective: All Bartenders who worked for Defendant at its Omaha, Nebraska, location during the previous three (3) years who were paid a direct cash wage of less than federal minimum wage.**

15.    The precise size and identity of each collective should be ascertainable from the business records, tax records, and/or personnel records of Defendant; however, Plaintiffs estimate that the total number of members in each collective exceeds fifty (50) individuals.

16.    During all times material hereto, Defendant was a Texas limited liability company operating and transacting business within Omaha, Nebraska, within the jurisdiction of this Honorable Court.

17.    During all times material hereto, Defendant owned, operated, and controlled J. Gilbert's restaurant located at 1010 Capitol Ave. in Omaha, Nebraska, 68102.

18.    Defendant may be served through its registered agent Steve Scheinthal at 1510 West Loop South in Houston, Texas 77027.

19.    Defendant was the "employer" of Plaintiffs and all members of the putative Collectives as that term is defined by the FLSA during all times pertinent to the allegations herein.

20.    During all times material hereto, Defendant was vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of J. Gilbert's restaurant in Omaha, Nebraska, which is owned and operated by Defendant.

21.    Defendant implements uniform pay, tip, and time-keeping practices at J. Gilbert's restaurant in Omaha, Nebraska, which apply to all Servers and Bartenders and enforces these policies from its headquarters in Houston, Texas.

22.    Plaintiffs and putative collective members are/were non-exempt, hourly restaurant Servers and Bartenders, and suffered from the wage violations alleged in Omaha, Nebraska.

## JURISDICTION AND VENUE

23.    This action is brought under 29 U.S.C. § 216(b) to recover damages, reasonable attorney's fees, and reimbursable costs from Defendant.

24.    The acts and/or omissions giving rise to this dispute took place within Omaha, Nebraska, which falls within the jurisdiction of this Honorable Court.

25.    Defendant regularly transacts business at 1010 Capitol Ave. in Omaha, Nebraska, where it developed, implemented, and enforced the unlawful policies and practices alleged herein, and jurisdiction is therefore proper.

26.    Venue is also proper within Omaha, Nebraska, as this is where Defendant committed wage violations.

## FLSA COVERAGE

27.    Defendant is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant had at least two or more employees engaged in commerce or in the production of goods for commerce, or two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

28.    During all time periods pertinent hereto, Defendant's employees regularly handled goods and materials such as food, beverages, napkins, silverware, appliances, tuna, avocado, sesame seeds, coconut, shrimp, pepperoni, jalapeños, mozzarella, eggs, salt, spinach, parmesan, chips, barbeque sauce, buffalo sauce, turkey, bleu cheese, tomatoes, bacon, ranch dressing, beets, onions, garlic, basil, chicken, steak, butternut squash, cranberries, pecans, vinaigrette, corn, black beans, red inions, carrots, cilantro, salmon, gravy, hash browns, green beans, potatoes, mushrooms, peas, sweet potatoes, ahi, grits, pepper, honey, cod, fries, tartar sauce, pork chops, ribeye, pork, ketchup, pickles, cheddar, sourdough bread, muenster, American cheese, Swiss cheese, horseradish, lettuce, honey Dijon, challah roll, gluten free buns, ice cream, cinnamon, sugar, caramel, banana, whipped cream, cherries, tequila, lime, passion fruit, bitters, ginger beer, cucumbers, wine, champagne, fun, rum, bourbon, vodka, lemon juice, grapefruit juice, cranberry juice, pineapple, mint, whiskey, simple syrup, other food items, restaurant equipment, chairs, tables, vacuum cleaners, pens, paper, receipts, computers, credit card processors, staples, toothpicks, flour, coffee, tea, soda, and other goods and materials that had previously travelled through interstate commerce.

29.     Defendant had gross annual revenue in excess of $500,000.00 in 2021, 2022, 2023, and is expected to have gross annual revenue in excess of $500,000.00 in 2024.

## DEFENDANT FAILS TO PROVIDE SUFFICIENT NOTICE OF THE TIP CREDIT TO SERVERS AND BARTENDERS

30.     When Defendant hires Servers and Bartenders, like Plaintiffs, it attempts to credit a portion of the tips earned by Servers and Bartenders toward the restaurant's federal minimum wage obligations, and, consequently, it compensates Servers and Bartenders at an hourly rate below the applicable federal minimum wage.

31.     However, Defendant fails to provide its Servers and Bartenders, including Plaintiffs, with sufficient notice of its intent to rely upon the tip credit under federal law.

32.     During all times material hereto, Defendant **did not**: (1) provide the full statutorily required tip credit notice under federal law; or (2) pay the full federal minimum wage.

33.     Plaintiffs and collective members are entitled to recover at least the federal minimum wage for each hour spent performing work for Defendant within the past 3 years.

## DEFENDANT REQUIRES PLAINTIFFS AND ALL OTHER SERVERS AND BARTENDERS TO SPEND MORE THAN 20% OF THE WORKWEEK PERFORMING NON-TIPPED DUTIES AND SIDE WORK

34.     Federal law prohibits employers from taking a tip credit when an employee performs tip supporting work (hereafter "side work") and non-tip generating duties for more than 20% of their workweek.  *See Rafferty v. Denny's Inc.*, 13 F4th 1166, 1188 (11th Cir. 2021). In other words, when restaurant Servers and Bartenders spend more than 20% of any respective workweek on non-tip generating duties and side work, they must be paid the full minimum wage, as opposed to the reduced minimum wage for tipped employees.[1] *Id.*

---

[1] The maximum tip credit permissible under federal law is $5.12. However, as stated above, an employer cannot claim a tip credit if its employee spends more than 20% of any respective

35.    Defendant claimed a tip credit for all of Plaintiffs' work (except training), including during workweeks in which Plaintiff spent more than 20% of his time on non-tip producing duties and side work.

36.    Upon information and belief, Defendant compensated Servers at the reduced sub-minimum wage of $2.13 per hour for their first forty (40) hours of work performed in each of the past 3 years.  This is the hourly rate Plaintiff, Doner, received.

37.    Upon information and belief, Defendant compensated Bartenders at the reduced sub-minimum wage of $6.00 per hour for their first forty (40) hours of work performed in each of the past 3 years. This is the hourly rate Plaintiff, Mata, received.

38.    According to its Google listing on the internet, Defendant does not open to the public until 4:00 p.m. each day:

---

workweek performing non-tip producing duties. An employer is also prohibited from invoking the tip credit if it requires an employee to spend more than 30 continuous minutes performing non-tip producing work.



## J. Gilbert's Wood-Fired Steaks & Seafood Omaha

4.7 ★★★★⯪ 1,280 Google reviews ⋮

$50–100 · Steak house



Fine-dining-style establishment offering classic steakhouse fare, cocktails & a big menu of sides.

**Service options:** Serves happy hour food

**Located in:** Omaha Marriott Downtown at the Capitol District

**Address:** 1010 Capitol Ave, Omaha, NE 68102

| Hours: Monday | 4–10 PM |
|---|---|
| Tuesday | 4–10 PM |
| Wednesday | 4–10 PM |
| Thursday | 4–10 PM |
| Friday | 4–10 PM |
| Saturday | 4–10 PM |
| Sunday | 4–9 PM |

39.     However, Plaintiffs and other Servers and Bartenders are regularly required to arrive to the Restaurant prior to 4:00 p.m. and are engaged to wait for up to an hour before a

8

customer is seated in their section. During this time period the Servers and Bartenders are not performing any tip-producing duties or responsibilities but are nevertheless paid at a sub-minimum wage.

40.     During their employment period with the Defendant, Plaintiffs and members of the putative collectives of Servers and Bartenders were assigned "closing" shifts.

41.     After the closing of the restaurant, for period of approximately sixty (60) to ninety (90) continuous minutes – Defendant claimed a tip credit for Plaintiffs and all other Servers and Bartenders who worked a "closing" shift, but required them to stock backup sugar, sweetener, steak sauce, pepper, salt, oil/vinegar, stock black beverage napkins and straws, detail and restock all side stations, send drink trays through dishwasher, wipe down and put drink trays, wipe down larger trays, stock coffee mugs on shelf, dump and clean coffee pots, wipe down coffee stations, bring all clean glassware from dish to service station, dump and clean iced tea urn, detail iced tea station, stock to-go items including small boxes, large boxes, plastic utensils, ramekins, organize to-go station, polish and organize steak knives, send pitchers through dishwasher and lay out to dry, wipe all stainless steel areas by beverage stations, break down soda machine and run through dishwasher, clean expo station, wide all drip cups and load onto sheet tray, plastic wrap anything without a lid and load onto sheet tray and store in walk-in refrigerator, wipe down all stainless steel surfaces, package and keep leftover bread from the bread and soup station to make croutons, turn off humidity and temperature, turn off bread warmer, clean outside and inside of bread warmer, pour soap into 3rd pan and cover, fill hotel pan with ice and water, place 3rd pan of soup into hotel pan and store in walk-in refrigerator, polish and roll silverware, and polish glasses for station plus five additional glasses.

42.     During closing shifts, Defendant attempted to claim a tip credit for Plaintiffs and every other Server and Bartender but required all Servers and Bartenders to perform the above side-work and non-tipped duties, and Servers and Bartenders were not able to earn tips because the restaurant was closed to the public.

43.     Throughout closing shifts, Plaintiffs and the putative collective members were required to perform the same "non-tipped" duties and side work as outlined in the preceding paragraphs.

44.     The following are true and correct photographs of the side work assignments which Defendant displayed and required Servers and Bartenders to perform:

| D | Bring all clean glassware from dish to service station. |
| E | Dump and clean iced tea urn, detail iced tea station. |
| F | Stock to-go: small box, large box, plastic utensils, and ramekins. Organize to-go station. |
| G | Polish and organize all steak knives. *Wipe inside dairy cooler beneath* |
| H | Send pitchers through dish and lay out to dry. Wipe all stainless steel by beverage station. Break down soda machine, run through dish and bring back out. |
| I | Expo station: wipe all drip cups and load onto sheet tray. Plastic wrap anything without a lid and load onto sheet tray. Store in walk-in. Wipe down all stainless steel surfaces. |
| J | Bread/soup station: keep leftover bread for croutons. Turn OFF humidity and temp. Turn OFF bread warmer. Clean outside and inside. Pour soup into 3rd pan and cover. Fill hotel pan with ice and water. Place 3rd pan of soup into hotel pan and store in walk-in. Wipe down all stainless steel surfaces. |
| ALL | Silverware & Rollups - see closing server for amount. |
| ALL | Polish glasses for your station + 5 additional glasses. |

| J | Fill hotel pan with ice and water. Place 3rd pan of soup into hotel pan and store in walk-in. Wipe down all stainless steel surfaces. |
| ALL | Silverware & Rollups - see closing server for amount. |
| ALL | Polish glasses for your station + 5 additional glasses. |

- All servers need two signatures from each closer to cash out.
- The opening server does not have BOH sidework but still must do rollups.
- There is a FOH vs. BOH closer on every shift. BOH closer will check that the above duties are complete. FOH closer should be checking that server's entire station is clean and reset required silverware for the shift has been rolled.
- Rollups for the shift should be roughly number of covers served divided by the number of servers on the floor chart + 5-10 additional rollups. Closers should leave with all silverware polished and rolled.
- The closing manager will actively walk the closer servers to ensure all sidework is done.

45.     At a minimum, Plaintiffs and all other Servers and Bartenders spent more than 20% of their workweeks performing non-tipped duties and side work.

46.     During their employment, Plaintiffs and one or more members of the collectives complained about the illegal practices above; however, Defendant took no action to stop its illegal pay practices.

47.     More specifically, Plaintiffs verbally complained about these practices to management on more than one occasion.

48.     Plaintiffs and the collective members are entitled to recover at least federal minimum wage for each hour spent performing "non-tipped" duties and side work during workweeks in which the "non-tipped" work exceeded 20% of the workweek.

## DEFENDANT REQUIRES SERVERS AND BARTENDERS TO SPEND MORE THAN 30 CONTINUOUS MINUTES PERFORMING NON-TIPPED DUTIES AND SIDE WORK DURING EACH SHIFT

49.     During all times material hereto, Defendant required Servers and Bartenders to arrive at opening shifts approximately sixty (60) to ninety (90) minutes before the restaurant was open to the public. During this time, Plaintiffs and other Servers and Bartenders were performing side work and preparation duties but were nevertheless compensated a sub-minimum wage even though they were not performing any tip producing duties.

50.     During all times material hereto, Defendant required Servers and Bartenders to to work "closing" shifts which required them to spend approximately sixty (60) to ninety (90) minutes performing non-tipped side work and duties after the restaurant was closed to the public. During this time, Plaintiffs and other Servers and Bartenders were performing side work and preparation duties but were nevertheless compensated a sub-minimum wage even though they were not performing any tip producing duties.

51.     Side work which takes more than 30 continuous minutes is not considered "part of the tipped occupation." *See* 29 C.F.R. § 531.56(f)(4)(ii).

52.     Accordingly, employers are forbidden from taking a tip credit when they compel tipped employees to spend more than 30 continuous minutes on non-tipped duties and side work.

53.     During all times material hereto, Defendant required Servers and Bartenders to perform side work and non-tipped duties for *at least* 1 continuous hour at the beginning of shifts and at the end of closing shifts, often when Servers and Bartenders did not have any customers and the restaurant was closed to the public.

54.     Plaintiffs and the collective members are entitled to recover at least federal minimum wage for the time spent performing "non-tipped" duties and side work which exceeds 30 continuous minutes per shift.

55.     Plaintiffs and the putative collective members performed the same or substantially similar side work for Defendant at the exact same restaurant location, under the same management, and were paid in an identical manner by Defendant.

56.     During their employment, Plaintiffs and one or more members of the collective complained about the illegal practices above; however, Defendant took no action to stop its illegal pay practices.

57.     More specifically, Plaintiffs verbally complained about these practices to management on more than one occasion and Defendant took no action to correct its violations.

58.     Although Defendant was aware of the requirements of the FLSA, and the pertinent regulations thereto, Defendant willfully and/or intentionally failed to pay Plaintiffs and the putative collective members in accordance with federal law.

## COUNT I – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (AS TO PLAINTIFF, DONER, AND J. GILBERT'S OMAHA SERVER COLLECTIVE)

59.     Plaintiff, Doner, hereby re-alleges and re-avers Paragraphs 1 through 58 as though set forth fully herein.

60.     Plaintiff, Doner, and all other similarly situated Servers are/were entitled to be paid the full federal minimum wage in one or more workweeks for certain hours worked during their employment with Defendant.

61.     Defendant claimed a tip credit under federal law for each hour of work Plaintiff, Doner, and all other Servers performed during all times material hereto (except during training periods).

62.     Defendant attempted to rely on the FLSA's tip credit but failed to provide Plaintiff, Doner, and all other Servers with requisite verbal or written notice of the tip credit required under federal law.

63.     Plaintiff, Doner, and the putative collective of Servers are therefore entitled to receive the full federal minimum wage at the rate of $7.25 per hour for every hour of work within the previous three (3) years.

64.     Additionally, Defendant commonly required Servers to spend a substantial portion of their workweek performing side work and non-tipped duties.

65.     Plaintiff, Doner, and the proposed collective members were subjected to similar violations of federal law as a result of the Defendant claiming a tip credit and requiring all Servers to spend more than 20% of their workweek performing non-tipped duties and side work.

66.     Defendant also required Plaintiff, Doner, and other Servers working at J. Gilbert's restaurant location in Omaha to arrive and begin work more than 30 minutes before the restaurant opens.

67.     As a result, Defendant violated the FLSA because it required Servers to spend more than thirty (30) continuous minutes on non-tipped duties and side work during workweeks when Defendant claimed a tip credit for all hours worked.

14

68.    Defendant required Plaintiff, Doner, and all other Servers to spend substantial continuous time working on tip supporting work, side work and non-tipped duties and unlawfully claimed a tip credit for this work (instead of paying these employees the full applicable federal minimum wage).

69.    Because Plaintiff, Doner, and all other similarly situated employees were required to spend more than 20% of their workweek, and more than thirty (30) continuous minutes of any shift, on tip supporting work, non-tipped duties and side work, Defendant is not permitted to take the applicable tip credit under federal law.

70.    Pursuant to 29 U.S.C. § 216(b), Plaintiff, Doner, seeks to recover federal minimum wages for himself and the following similarly situated J. Gilbert's Omaha Server Collective:

> **J. Gilbert's Omaha Server Collective: All Servers who worked for Defendant at its Omaha, Nebraska, location during the previous three (3) years who were paid a direct cash wage of less than federal minimum wage**

71.    Defendant willfully failed to pay Plaintiff, Doner, and the putative collective members the full federal minimum wage for one or more weeks of work.

72.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff, Doner, and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work during their employment with Defendant.

73.    Defendant has been in operation for several years and therefore knew or should have known about the FLSA's prohibition against requiring employees who are paid a sub-minimum wage to perform more than 20% of any workweek performing non-tipped duties and side work.

74.    Defendant also knew or should have known about the FLSA's prohibition against requiring employees who are paid a sub-minimum wage to perform more than 30 continuous minutes during any shift performing non-tipped duties and side work.

75.    Defendant knew Plaintiff, Doner, had performed more than 20% of his workweek(s) on side work and side duties, but willfully failed to pay Plaintiff, Doner, the full federal minimum wage, contrary to the FLSA.

76.    Defendant also knew Plaintiff, Doner, had performed more than thirty (30) continuous minutes on non-tipped duties and side work during his shift(s), but willfully failed to pay Plaintiff the full federal minimum wage, contrary to the FLSA.

77.    The Defendant had an obligation to investigate and review its restaurant's policies concerning compliance with rules and regulations concerning the effect side work and non-tipped duties have on a tipped employee's wages and tips.

78.    Information concerning the applicability of these rules and regulations were publicly available to Defendant for no charge through the Department of Labor's website.

79.    Moreover, members of the Server Collective brought the 80/20 and Substantial Side Work rules and regulations to Defendant's attention but Defendant ignored the Server Collective member's complaints.

80.    Defendant either willfully chose not to comply with the FLSA, and deliberately failed to pay the Server Collective properly, or failed to make an adequate inquiry into whether its conduct was in compliance with the FLSA. As a result, Defendant either knew, or showed reckless disregard for its obligations under the FLSA.

81.    Defendant knew Plaintiff had performed work but willfully failed to pay Plaintiff, Doner, the full federal minimum wage, contrary to the FLSA.

82.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff, Doner, has been damaged in the loss of federal minimum wages for one or more weeks of work during his employment with Defendant.

83.     Defendant's willful and/or intentional violations of law entitle Plaintiff, Doner, to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, MELANIE DONER, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, J GILBERT'S NE, LLC, and award Plaintiff, Doner, and all others similarly situated: (a) unpaid federal minimum wages to be paid by Defendant; (b) the tip credit unlawfully claimed by Defendant; (c) liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court deems just and reasonable under the circumstances.

## COUNT II - COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (AS TO PLAINTIFF, MATA, AND J. GILBERT'S OMAHA BARTENDER COLLECTIVE)

84.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 58 as though set forth fully herein.

85.     Plaintiff, Mata, and all other similarly situated Bartenders are/were entitled to be paid the full federal minimum wage in one or more workweeks for certain hours worked during their employment with Defendant.

86.     Defendant claimed a tip credit under federal law for each hour of work Plaintiff, Mata, and all other Bartenders performed during all times material hereto (except during training periods).

87. Defendant attempted to rely on the FLSA's tip credit but failed to provide Plaintiff, Mata, and all other Bartenders with requisite verbal or written notice of the tip credit required under federal law.

88. Plaintiff, Mata, and the putative collective of Bartenders are therefore entitled to receive the full federal minimum wage at the rate of $7.25 per hour for every hour of work within the previous three (3) years.

89. Additionally, Defendant commonly required Bartenders to spend a substantial portion of their workweek performing side work and non-tipped duties.

90. Plaintiff, Mata, and the proposed collective members were subjected to similar violations of federal law as a result of the Defendant claiming a tip credit and requiring all Bartenders to spend more than 20% of their workweek performing non-tipped duties and side work.

91. Defendant also required Plaintiff, Mata, and other Bartenders working at J. Gilbert's restaurant location in Omaha to arrive and begin work more than 30 minutes before the restaurant opens.

92. As a result, Defendant violated the FLSA because it required Bartenders to spend more than thirty (30) continuous minutes on non-tipped duties and side work during workweeks when Defendant claimed a tip credit for all hours worked.

93. Defendant required Plaintiff, Mata, and all other Bartenders to spend substantial continuous time working on tip supporting work, side work and non-tipped duties and unlawfully claimed a tip credit for this work (instead of paying these employees the full applicable federal minimum wage).

94.     Because Plaintiff, Mata, and all other similarly situated employees were required to spend more than 20% of their workweek, and more than thirty (30) continuous minutes of any shift, on tip supporting work, non-tipped duties and side work, Defendant is not permitted to take the applicable tip credit under federal law.

95.     Pursuant to 29 U.S.C. § 216(b), Plaintiff, Mata, seeks to recover federal minimum wages for himself and the following similarly situated J. Gilbert's Omaha Bartender Collective:

> **J. Gilbert's Omaha Bartender Collective: All Bartenders who worked for Defendant at its Omaha, Nebraska, location during the previous three (3) years who were paid a direct cash wage of less than federal minimum wage.**

96.     Defendant willfully failed to pay Plaintiff, Mata, and the putative collective members the full federal minimum wage for one or more weeks of work.

97.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff, Mata, and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work during their employment with Defendant.

98.     Defendant has been in operation for several years and therefore knew or should have known about the FLSA's prohibition against requiring employees who are paid a sub-minimum wage to perform more than 20% of any workweek performing non-tipped duties and side work.

99.     Defendant also knew or should have known about the FLSA's prohibition against requiring employees who are paid a sub-minimum wage to perform more than 30 continuous minutes during any shift performing non-tipped duties and side work.

100.    Defendant knew Plaintiff, Mata, had performed more than 20% of his workweek(s) on side work and side duties, but willfully failed to pay Plaintiff, Mata, the full federal minimum wage, contrary to the FLSA.

101.    Defendant also knew Plaintiff, Mata, had performed more than thirty (30) continuous minutes on non-tipped duties and side work during his shift(s), but willfully failed to pay Plaintiff, Mata, the full federal minimum wage, contrary to the FLSA.

102.    The Defendant had an obligation to investigate and review its restaurant's policies concerning compliance with rules and regulations concerning the effect side work and non-tipped duties have on a tipped employee's wages and tips.

103.    Information concerning the applicability of these rules and regulations were publicly available to Defendant for no charge through the Department of Labor's website.

104.    Moreover, members of the Bartender Collective brought the 80/20 and Substantial Side Work rules and regulations to Defendant's attention but Defendant ignored the Bartender Collective member's complaints.

105.    Defendant either willfully chose not to comply with the FLSA, and deliberately failed to pay the Bartender Collective properly, or failed to make an adequate inquiry into whether its conduct was in compliance with the FLSA. As a result, Defendant either knew, or showed reckless disregard for its obligations under the FLSA.

106.    Defendant knew Plaintiff, Mata, had performed work but willfully failed to pay Plaintiff, Mata, the full federal minimum wage, contrary to the FLSA.

107.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff, Mata, has been damaged in the loss of federal minimum wages for one or more weeks of work during his employment with Defendant.

108.    Defendant's willful and/or intentional violations of law entitle Plaintiff, Mata, to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, MAGGY MATA, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, J GILBERT'S NE, LLC, and award Plaintiff, Mata, and all others similarly situated: (a) unpaid federal minimum wages to be paid by Defendant; (b) the tip credit unlawfully claimed by Defendant; (c) liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court deems just and reasonable under the circumstances.

**Date: August 20, 2024.**

Respectfully Submitted,

**USA EMPLOYMENT LAYWERS - JORDAN RICHARDS** PLLC
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiffs*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
jordan@jordanrichardspllc.com
michael@usaemploymentlawyers.com
patrick@usaemploymentlawyers.com
sarah@usaemploymentlawyers.com
ahava@usaemploymentlawyers.com
intake@usaemploymentlawyers.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on August 20, 2024.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST